[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This proceeding came before this court for hearing on two motions on March 19, 2001. The first of the two was an application for admission pro hac vice to enable Attorney Thomas Puccio of the New York Bar to appear for the defendant, Robert L. Grimm. He arrived in court with Attorney John Wayne Fox, an attorney in good standing and a member of the Connecticut Bar, who sponsored him. The court was satisfied that he fulfilled the requisites of § 2-16 of the 2001 Practice Book (Rev. 1998) and grants the motion for admission pro hac vice. This decision was based in part upon his being previously admitted in this same case which had been pending in the judicial district of Stamford as well as a criminal matter between the parties here in the Danbury judicial district. The second of the two motions was a motion to dismiss or change of venue.
This case presents itself with what might be called a rather checkered past. It was instituted in the Stamford judicial district in 1997. It seems to have taken on a life of its own from that 1997 date through December 13, 2000. In addition to the multiple motions that were filed and heard by the court, it also appears that the court (Harrigan, J.) had declared the case on trial on or about September 26, 2000, and continued it to December 13, 2000. After Judge Harrigan concluded a day-long hearing on December 13, the plaintiff withdrew that action and commenced this litigation here in the Danbury judicial district. As nearly as this court can deduce, this motion to dismiss/change of venue was filed on February 28, 2001 and heard on March 19, 2001, and not March 19, 2000, which was a typographical error in the date asserted when compared with the date of the transcript.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. The grounds of a motion to dismiss a civil action are: The motion to dismiss shall be used to assert "(1) lack of CT Page 4118 jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process . . ." Zizka v. Water PollutionControl Authority, 195 Conn. 682, 687 (1985); Practice Book § 10-31.
The grounds set forth as the predicate for this motion to dismiss can only be recognized as a claim of improper venue. "Venue is not a jurisdictional question but a procedural one . . . Statutory venue requirements simply [confer] a privilege not to be required to attend court at a particular location." (Internal quotation marks omitted.)Savage v. Aronson, 214 Conn. 256, 263 (1990), citing therein 77 Am.Jur.2d, Venue 1.
The only evidence that was offered in support of either motion was offered by two witnesses on the issue of Attorney Puccio's application for admission pro hac vice. No evidence was offered with respect to the motion to dismiss and no affidavits in support thereof were filed. The support and opposition to that motion was offered in the form of argument between counsel. It became painfully obvious that what was hopefully a professional relationship between counsel at the inception of the case has apparently deteriorated to an adversarial contest which has become personal or near personal in nature. Neither party was that persuasive. Familiarity and judicial economy do not per se provide support for the exercise of judicial discretion on a motion for change of venue. Venue in this case is indeed proper and the plaintiff has the right to choose the form which it is to use. Were the court to exercise its discretion in this matter, it would border on abuse if not actually an abuse of discretion. The motion was accordingly denied.
Before concluding this memorandum, the court would be remiss if it did not refer once again to the Practice Book and, specifically, § 10-30
thereof. The cited section refers to the time limitation on filing a motion to dismiss and prescribed such filing must occur within thirty (30) days of the filing of an appearance. The docket sheets disclose that an appearance was filed for the defendant on January 3, 2001 which was date stamped January 8, 2001. The motion to dismiss was filed on February 23, 2001 and bears the date/time stamp of February 28, 2001. The motion is clearly not timely and perhaps should not have been entertained at all.
In summary, the court was unable to find from the arguments offered in support of and in opposition to the motion that there was a valid reason for this court to exercise its discretion and, in the exercise thereof, to grant the motion for a change of venue. In addition, the motion was not timely filed, and such failure is fatal.
Judgment may enter accordingly, denying the motion to dismiss.
Moraghan, J.T.R. CT Page 4119
[EDITORS' NOTE: This page is blank.] CT Page 4120